PRESENT—M'KEAN, CHIEF JUSTICE—SHIPPEN, YEATES AND SMITH, JUSTICES.

WELCOME ARNOLD *against* ALEXANDER ANDERSON.
JAMES BENTLEY for the use of WELCOME ARNOLD *against* ROBIN FLORENCE and Company.
ROBIN FLORENCE, FROTTEAU and VERSEVEAU *against* WELCOME ARNOLD.

The strict rules of evidence do not apply to mercantile cases.
In an action against the owner of a vessel for unskillful stowage of a cargo by the mariners, the master having a release from the owner, is a competent witness.
So of the mate and seamen without such release.

THESE three causes came on to be tried, by the same jury, by consent. The first two suits were brought for freight and demurrage on a charter party, dated 29th March, 1793, between Bentley, captain of the brig Harriot, (owned by Arnold of Rhode Island,) and Robin Florence and Co., letting the brig to freight from Port au Prince to Philadelphia, for 1000 dollars, and 100 livres per day demurrage from 29th April, 1793. Anderson, the consignee of the cargo, promised to pay the freight on the delivery of the same to him. On a survey made of the cargo, on the vessel's arriving in port, it appeared, that she had been improperly dunnaged, and had been too much stowed by the head, in consequence of which 137 cwt. 1 qr. and 14 lbs. sugar had been wholly spoiled. The last suit was brought by the freighters against the owner of the brig for the neglect and default of the captain and seamen in the unskillful stowage of the cargo.

For the owner, it was insisted, that no neglect or default was imputable to the brig's crew, inasmuch as the freighters had insisted on directing the stowage of the cargo, and had put a French officer and seamen on board for that express purpose, and that on the captain's remarking the vessel was too much stowed by the head, his remarks were deemed frivolous and not worthy of attention.

These facts were in a great degree substantiated by the testimony of the owner's agent at Port au Prince, and several masters of shipping then in that port; but to remove all doubt, the depositions of captain Bentley, his mate and three of his mariners, taken under a rule of court, were offered in evidence. Previous to the captain's being sworn, Arnold had executed a release to him, but none had been given to the mate or mariners.

Mr. Rawle for the freighters, objected to the reading of these depositions. These witnesses in their several relations are clearly interested. The captain is responsible for misfortunes happening from the negligence, willfulness or ignorance of himself or his mariners. 1 Moll. de Jur. Marit. lib. 2, c. 2, 322, (9th ed.) A suit lies against any mariner for any willful or negligent fault, by reason whereof the master, owners, or ship may answer damage to the merchant. *Ib.* 337. Now, though here there has been a release given by the owner to the master, there is none to his seamen; and the freighters, who have clearly an action against the captain, mate and mariners, in case of their neglect or default, have not extinguished their remedy by any discharge. The crew of the vessel, who must necessarily be supposed to be under the strongest degrees of bias, are introduced to acquit themselves of unskillfulness, and throw it on others.

NOTE, no exception was taken on the ground of Bentley's being the nominal plaintiff in one of the actions, and of course responsible for costs.

Mr. Ingersoll, *è contrà*, cited 2 Stra. 1083. In a suit against a master for his carman's negligently driving his cart, the carman having a release from the master, was allowed to be a competent witness. The principle of that case nearly resembles the present, so far as the testimony of the captain goes. As to the mate and mariners, it will not be contended that they are answerable, if they pursued the orders of captain Bentley, nor will it be presumed, that they acted contrary thereto. Their disobedience must be shown by proof. The captain may be interested in the question, but not in the cause trying, and the rules of evidence on this head, have been considerably altered by modern decisions.

*Per curiam.* This is a mercantile case, to which the strict rules of evidence do not apply. But independent of this circumstance, the exception goes merely to the credit of the witnesses. Though they may be concerned in the question now to be tried, yet they cannot be affected by the event of this suit. The verdict here can neither be given in evidence for or against them in a future cause, and therefore their depositions must go to the jury, to be weighed by them in point of credibility, under all the circumstances. [Vid 4 Burr. 2255. 3 Term Rep. 32, 34, 36, 309, 310.]

The jury found a verdict for the plaintiff on clear evidence,

for 934 dollars 66 cents, which was entered in the second action, and the first discontinued, and in the third suit a verdict was given for the defendant.